UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL NO.:  22-CV-03502** |
| *Plaintiff,* | | |
| v. | * | SECTION: |
| | | |
| **$194,703.31, $364,353.55 IN GULF COAST BANK CASHIER'S CHECKS AND $30,190.10 IN REGIONS BANK CASHIER'S CHECK.** | * | JUDGE: |
| | * | |
| *Defendant.* | | |
| *   *   *   *   *   *   * | | |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney for the Eastern District of Louisiana, brings this complaint and alleges upon information and belief, in accordance with Supplemental Rule G (2) of the Federal Rules of Civil Procedure:

### INTRODUCTION

1. This is a civil action, *in rem,* brought to enforce the provisions of 21 U.S.C. § 881(a), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 21 U.S.C. §§ 841 and 846.

2. The defendant funds are:

1

      a. **Gulf Coast Bank Cashier's Check Number 244257 in the amount of $194,703.31;**

      b. **Gulf Coast Bank Cashier's Check Number 244258 in the amount of $364,353.55;**

      c. **Regions Bank Cashier's Check Number 5506931808 in the amount of $30,190.10 (collectively the "Subject Properties.)**

3. This action seeks the forfeiture of all right, title and interest in the Subject Properties because the Subject Properties are proceeds of drug trafficking in violation of Title 21, United States Code, Sections 841 and 846.

4. "The following shall be subject to forfeiture to the United States and no property right shall exist in them: . . . (6) All moneys, negotiable instruments, securities, or other things of value furnished or *intended to be furnished by any person in exchange for a controlled substance* or listed chemical in violation of this subchapter, [and/or] all *proceeds* traceable to such an exchange, and [or] all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. 881(a); (emphasis added).

5. This Court has jurisdiction over this action commended by the United States under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a). The Court has *in rem* jurisdiction over the Properties under 28 U.S.C. 1355(b).

6. This Court has venue pursuant to 28 U.S.C. 1355 and 1395. Venue is proper because the acts or omissions giving rise to the forfeiture occurred in this district, the claim accrued in this district, and the defendant Properties are located in this district.

7. The plaintiff is the United States of America, a sovereign nation authorized to sue.

8. On or about June 29, 2022 and on or about July 18, 2022, in the Eastern District of Louisiana, law enforcement seized the Subject Properties pursuant to Louisiana State Seizure

Warrants, Case Number E-20162-22, issued by the 24th Judicial District Court. The Subject Properties remain in the custody of the United States Marshalls Service (USMS) in the Eastern District of Louisiana.

9. Pursuant to Supplemental Rule G(2)(f), facts in support of a reasonable belief that the Government will be able to meet its burden of proof at trial are as follows and have been verified by the attached Verification of Federal Bureau of Investigation Task Force Officer Evan Keller ("TFO Keller").

## INITIAL INVESTIGATION

10. In May 2022, TFO Keller and Agent Corey Foret of the Jefferson Parish Sheriff's Office ("JPSO") initiated an investigation into a Jerad Barrett (Barrett) upon credible and reliable information that he was involved in distribution of marijuana within Jefferson Parish and surrounding jurisdictions.

11. On or about, May 27, 2022, JPSO investigators located Barrett traveling eastbound on Interstate 10 in a 2004 black H1 Hummer with no license plate displayed, and elected to conduct a traffic stop. Investigators made contact with Barrett and front seat passenger, Terry Tenney (white male, born 02/02/1970). Investigators notified JPSO K-9 Sergeant Wade St. John ("Sergeant St. John"), who conducted an open-air sniff of the vehicle with his K-9 partner, Ice, who alerted to the odor of narcotics. Investigators found 61 grams of marijuana, 864 grams of Tetrahydrocannabinol products, Amphetamine salt, and $9,641 in United States currency. Investigators placed Barrett and Tenney under arrest for being in illegal possession with intent to distribute controlled substances. Barrett was held in Jefferson Parish Correctional Center.

12. JPSO investigators then assisted Louisiana State Police Trooper Kipp Fellon ("Fellon") execute a search warrant at Barrett's residence, at 4542 San Marco Road, New Orleans,

LA 70129 (4542 San Marco Road). During the execution of the search warrant, investigators located 663,152 grams of marijuana, 2,052 dosage units of Amphetamine, 10,866 grams of THC products, $10,040 in United States currency, and numerous items used for cultivation of marijuana including grow lights, fans, and seeds.

13. Investigators identified Jennie Lynn James ("James"), (white female, born 03/20/1957), as Barrett's mother. Investigators found numerous documents addressed to James in association with Barrett's residence, 4542 San Marco Road. During the course of the investigation, agents founds numerous documents address to James. Agents determined that James is complicit in Barrett's narcotics enterprises.

14. Through law enforcement database checks, TFO Keller was able to identify that James and Barrett share several bank accounts.

15. The funds represented in the seized cashier's checks, from bank accounts of Barrett and James, are suspected to be proceeds from narcotic trafficking.

## CONCLUSION

By reason of the foregoing and Title 21, United States Code, Sections 881(a)(6) and 881(h), all right, title, and interest the *in rem* defendant, $194,703.31, $364,353.55 and $30,190.10 in the form of cashier's checks, vested in the United States upon the commission of the underlying violations of the Federal Controlled Substances Act. The instant *in rem* civil forfeiture action has been commenced, seeking recognition of same.

**WHEREFORE**, plaintiff, United States of America prays:

1. That due process issue to enforce the forfeiture and to give notice to interested parties to appear and show cause why the forfeiture should not be decreed;

2. That the defendant, $194,703.31, $364,353.55 and $30,190.10 in United States Currency, be condemned and forfeited to the United States of America to be disposed of in accordance with law; and

3. That this Court grant such other further relief that it may deem just and proper.

*The undersigned Assistant United States Attorney certifies that she electronically signed this Complaint for Forfeiture IN REM.*

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Alexandra Giavotella*
ALEXANDRA GIAVOTELLA  (La. 38005)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3065
Email: alexandra.giavotella@usdoj.gov

**PLEASE ISSUE AND SERVE**

**WARRANT OF ARREST ON:**

**Gulf Coast Bank Cashier's Check Number 244257 the amount of $194,703.31;**

**Gulf Coast Bank Cashier's Check Number 244258 in the amount of $364,353.55;**

**Regions Bank Cashier's Check Number 5506931808 in the amount of $30,190.10.**

**LOCATED AT:**

**Federal Bureau of Investigation New Orleans Division**

**2901 Leon C. Simon Boulevard**

**New Orleans, Louisiana  70126**

## **VERIFICATION**

I, EVAN KELLER, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 27 of September, 2022.

*[signature]*
TFO EVAN KELLER
FEDERAL BUREAU OF INVESTIGATION

*Pursuant to Federal Rules of Criminal Procedure 4.1 and 41 (d)(3), the undersigned judicial Officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's Knowledge*